UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
MICHAEL SMITH,

                              Plaintiff,                                  MEMORANDUM
                                                                                 OPINION AND ORDER

      -against-                                                                    CV 10-4874 (MKB)(ETB)

COUNTY OF NASSAU, et al.,

                             Defendants.
-------------------------------------------------------------------------X

       This is a civil rights action filed by the plaintiff, Michael Smith, arising out of his arrest for criminal trespass for residing at a residence with his fiancée, pursuant to a scam in which he appears to be the victim. Named as defendants are the County of Nassau and named police personnel - Slevin, Healey, Helmke and Loduca - (the "County Defendants") who were allegedly involved in this incident, as well as real estate agents Gaetano and Terezakis, employed by defendant Zurich Associates, Ltd.

       Before the Court is plaintiff's motion pursuant to Federal Rule of Civil Procedure 37(b), based on the County Defendants' repeated failure to respond or comply with any discovery demands, notwithstanding the Court order addressed to then pending interrogatory requests and document demands dated November 10, 2011. (See Pl. Ex. A.) The County Defendants never responded to these demands over the course of eleven months, which led to the Order of the Court dated October 18, 2012. That Order directed that the County Defendants "shall respond/comply with the plaintiff's outstanding document requests no later than November 16, 2012." (See Docket Entry #35.)

The County Defendants joined issue with an Answer on March 1, 2011. The undersigned was not involved in this action until the transfer of the action from Judge Bianco to Judge Brodie in March 2012. Pursuant to the discovery schedule set by Judge Bianco, all discovery was to have been completed by April 11, 2012. (See Docket Entry #16.)

There appears to be a three-month stay of discovery in this action due to an automobile accident that the plaintiff was involved in, after which counsel for plaintiff lost contact with his client. (See Docket Entry #20.) It appears from the docket sheet that this situation was rectified in March 2012 when District Judge Bianco directed the parties to file a revised discovery schedule. (See Docket Entry #27.)

This action has been pending for twenty-nine months and the County Defendants have failed to turn over a single document in discovery, despite plaintiff's persistent demands. This is truly remarkable and out of character for the County Attorney of Nassau County. The County Defendants' counsel in this action, Andrew R. Scott of the Nassau County Attorney's Office, in fact appeared at oral argument today and acknowledged his failures, stating that commitments in other cases was the cause for his misconduct. (See also Correspondence of Andrew R. Scott dated Feb. 26, 2013 at 1-3.) Yet he still has not produced a single document.

The Court rejects any claim by the County Defendants' counsel that the non-compliance here is justified. See Fed. R. Civ. P. 37(b)(2)(C) (stating that the district court may order "the disobedient party, the attorney advising that party, or both to pay reasonable expenses, including attorney's fees, caused by the failure [to comply with discovery orders], unless the failure was substantially justified or other circumstances make an award of expenses unjust"). "Substantial justification" is demonstrated where "there is 'justification to a degree that could satisfy a

reasonable person that parties could differ as to whether the party was required to comply with the disclosure request,' or 'if there exists a genuine dispute concerning compliance.'" AIG Global Asset Mgmt. Holdings v. Branch, No. 04 Civ. 8803, 2005 U.S. Dist. LEXIS 2728, at *4 (S.D.N.Y. Feb. 18, 2005) (quoting Jockey Int'l, Inc. v. M/V "Leverkusen Express", 217 F. Supp. 2d 447, 452 (S.D.N.Y. 2002)). The party that fails to comply with discovery orders "bears the burden of proving . . . that its non-compliance was justified." Ritchie Risk-Linked Strategies Trading (Ir.), Ltd. v. Coventry First LLC, 280 F.R.D. 147, 159 (S.D.N.Y. 2012) (citing American Stock Exchange, LLC v. Mopex, Inc., 215 F.R.D. 87, 93 (S.D.N.Y. 2002)). The County Defendants have failed to meet that burden here. See, e.g., Mahoney v. Yamaha Motor Corp. U.S.A., No. 11-cv-5538, 2013 U.S. Dist. LEXIS 38741, at *17 (E.D.N.Y. Mar. 19, 2013) (imposing sanctions against plaintiff's counsel for failure to comply with, inter alia, discovery orders where plaintiff's counsel failed to respond to discovery demands and noncompliance was not justified)

     The issue here is the appropriate remedy. Discovery is certified as complete with respect to the County Defendants. In addition, the individual County Defendants are precluded from offering any evidence in support of or opposition to any dispositive motion and from testifying at trial unless he or she submits to a deposition on a mutually agreed date and time before May 15, 2013 - at the place noticed by plaintiff's counsel. See Custodio v. Am. Chain Link & Constr., Inc., No. 06 Civ. 7148, 2008 U.S. Dist. LEXIS 74031, at *7 (S.D.N.Y. Sept. 15, 2008) (precluding defendants from offering any affidavit or testimony from certain individuals in connection with any summary judgment motion or trial unless, prior to the close of fact discovery, defendants make the individuals available for deposition); Ehrlich v. Inc. Vill. of Sea

Cliff, No. CV 04-4025, 2007 U.S. Dist. LEXIS 40216, at *11 (E.D.N.Y. June 1, 2007) (precluding plaintiff from introducing a witness at trial unless the witness's deposition occurs prior to trial); Ebbert v. Nassau County, No. CV 05-5445, 2007 U.S. Dist. LEXIS 15159, at *18 (E.D.N.Y. Mar. 2, 2007) (precluding defendants from proffering an affidavit from a witness in connection with any summary judgment motion and from having him testify at trial unless defendants made the witness available for a deposition).

Monetary sanctions are awarded in favor of plaintiff and against Assistant County Attorney Scott in the sum of $500.00 per day, as and for a sanction based on the failure to comply with the Order of the Court dated October 18, 2012. See Fed. R. Civ. P. 37(b)(2)(C); see also Mahoney, 2013 U.S. Dist. LEXIS 38741, at *27 (sanctioning plaintiff's counsel in the amount of $3,500 for ignoring and violating court orders, failing to serve and respond to discovery demands and failing to respond to defendant's letter motion).  These sanctions shall apply in the event that the County Defendants continue to fail to fully comply with the October 18, 2012 Order of the Court.

Lastly, the Court grants the plaintiff's request for costs relating to the instant motion, pursuant to Federal Rule of Civil Procedure 37(b)(1) for "Not Obeying a Discovery Order." Fed. R. Civ. P. 37(b)(1). Such costs are assessed against Assistant County Attorney Scott. Any such application by plaintiff to assess relevant costs shall be filed on notice to all parties within ten (10) business days. Opposition shall be filed within ten (10) business days thereafter and any reply within five (5) days thereafter.

The County Defendants are on notice that the continued stonewalling of discovery in this action in the future will be addressed by the sanctions outlined in Federal Rules of Civil

Procedure 37(b)(2)(A)(i)-(vii) and 16(f), including contempt of court.

The plaintiff's request for relief is granted as provided above. In all other respects, the relief requested on February 22, 2013 by plaintiff's counsel, Gregory Calliste, Jr., of the Law Offices of Frederick K. Brewington, is denied without prejudice to renewal.

**SO ORDERED:**

Dated: Central Islip, New York
       March 26, 2013

/s/ E. Thomas Boyle
E. THOMAS BOYLE
United States Magistrate Judge