UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
MICHAEL SMITH,

                        Plaintiff,                            ORDER

   -against-                                                 CV 10-4874 (MKB)(ETB)

COUNTY OF NASSAU, et al.,

                        Defendants.
----------------------------------------------------------------------X

       The Court has reviewed in camera Document Numbers 1, 3 and 8 listed on the County Defendants' privilege log and makes the following additional rulings arising from the conferences held on July 8 and 10, 2013:

1.        Document Number 1 is an internal correspondence within the Nassau County Police Department concerning the investigation by the Nassau County Police Department into plaintiff's notice of claim. The memorandum is written by Detective Sergeant Stephen E. Fitzpatrick and addressed to the "Commanding Officer, Legal Bureau (Through Official Channels)." The memorandum provides a summary of statements given by witnesses who were interviewed with respect to plaintiff's claims, all of which are factual.

       There are no legal opinions or strategies contained in the memorandum. Nor is there any indication that the memorandum is a communication between an attorney and a client. Moreover, given the broad theory of municipal liability upon which plaintiff bases his claim in this civil action - e.g., that defendants'

investigations into police misconduct are inadequate - this document is clearly relevant to the subject matter of the within litigation. See Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ."); see also Weatherspoon v. Nat'l Railroad Passenger Corp., No. 04-CV 1227, 2005 U.S. Dist. LEXIS 42418, at *2 (E.D.N.Y. Oct. 12, 2005) ("Under the Federal Rules of Civil Procedure . . . . a party is entitled to discovery of information relevant to its claims or defenses which is not privileged."); Weber v. Multimedia Entm't, Inc., No. 97 Civ. 0682, 1997 U.S. Dist. LEXIS 18592, at *3 (S.D.N.Y. Nov. 21, 1997) ("Under the generous standard of Rule 26, a party is entitled to obtain discovery regarding any matter not privileged that is relevant to the parties' claims or defenses, if it appears reasonably calculated to lead to the discovery of admissible evidence.").

Accordingly, the Court finds that Document Number 1 is not privileged. The County Defendants are directed to produce Document Number 1 within five (5) days of the date of this Order.

2. Document Number 3 is an internal correspondence within the Nassau County Police Department from the "Chief of Detectives" to the "Commanding Officer" concerning the Notice of Claim filed by plaintiff. Although withheld by the County Defendants as attorney work product that was created in anticipation of litigation, there is no indication that either party to the memorandum is an attorney. Nor does the document appear to contain anything other than factual

information. For the same reasons set forth above with respect to Document Number 1, the County Defendants are directed to produce Document Number 3 within five (5) days of the date of this Order.

3. Document Number 8 is an Officer History with respect to non-party Nassau County Police Department Detective Robert Marsh, which was prepared by Sergeant Christine Fugarazzo of the Nassau County Police Department. The County Defendants have withheld the document on the grounds that it is privileged under New York Civil Rights Law § 50-a.

In federal civil rights cases, issues of privilege are governed by federal, not state, law. See King v. Conde, 121 F.R.D. 180, 187 (E.D.N.Y. 1988). Under federal law, there is no confidentiality privilege afforded to police records as there is under New York Civil Rights Law § 50-a. See id. In fact, "[i]n the context of a civil rights action asserted against police officers, no federal rule prohibits discovery of police personnel documents." McKenna v. Inc. Vill. of Northport, 06 CV 2895, U.S. Dist. LEXIS 50934, at *21 (E.D.N.Y. Jul. 13, 2007). Accordingly, "[b]ecause no federal rule exists governing the kind[] of privilege[] asserted in [this] case[], . . . the magistrate must balance the interests favoring and opposing confidentiality in the discovery phase of litigation." King, 121 F.R.D. at 187.

To effectively balance such interests, courts rely on a two-prong test. Under the first prong, the police bear the burden of making a "substantial

threshold showing" that harm is likely to occur as a result of disclosure of the requested documents. Id. at 189. To make such a showing, the police must specify what documents are privileged and why they are so privileged. See id. So that the court may judiciously balance the factors for and against disclosure, the objection must also state, with particularity, "what interests would be harmed, how disclosure under a protective order would cause the harm, and how much harm there would be." Id. Furthermore, the objection must be accompanied by an affidavit from a responsible official within the agency who "has personal knowledge of the principle matters to be attested to in the affidavit or declaration." Id. Where "defendants have not satisfied their burden of justifying the application of any privilege, the Court will not shield the requested documents and information from disclosure based on Section 50-a or any other privilege." Melendez v. Greiner, 01 Civ. 07888, 2003 U.S. Dist. LEXIS, at *21 (S.D.N.Y. Oct. 22, 2003).

Provided that the defendants satisfy the first prong of the analysis, the Court must then weigh the factors in favor of disclosure versus those against disclosure. See King, 121 F.R.D. at 190-91. Factors in favor of disclosure include the relevance of the documents to the plaintiff's case, their importance to the plaintiff's case, the strength of the plaintiff's case, and the importance of disclosure to the public interest. See id. at 194-95. On the other hand, factors such as (1) threats to a police officer's safety; (2) the invasion of a police officer's privacy; (3) the weakening of law enforcement programs; (4) the chilling of police

internal investigative candor; (5) the chilling of citizen complaint candor; and, (6) the relevant policies behind state privacy laws all favor non-disclosure of police documents. See id. at 191-94.

Here, the County defendants fail to specify what, if any, interests would be harmed by disclosure and how disclosure with a protective order would cause such harm. Furthermore, the County Defendants have neglected to submit the required affidavit from a responsible person within the Nassau County Police Department who can attest to why disclosure of Document Number 8 will cause substantial harm. Accordingly, the County Defendants have failed to satisfy the first prong of the King analysis.

Moreover, Document Number 8 is clearly relevant to plaintiff's claims. Plaintiff alleges that defendants' investigations concerning allegations of police misconduct are inadequate. Document Number 8 identifies various civilian complaints lodged against non-party Detective Marsh and what actions, if any, were taken by the Nassau County Police Department with respect to those complaints. Such information is relevant to plaintiff's claims herein.

Accordingly, the County Defendants are directed to produce Document Number 8 within five (5) days of the date of this Order.

**SO ORDERED:**

Dated: Central Islip, New York
　　　　July 24, 2013

　　　　　　　　　　　　　　　　　　　　　　　/s/ E. Thomas Boyle
　　　　　　　　　　　　　　　　　　　　　　　E. THOMAS BOYLE
　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge