UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
MICHAEL SMITH,

                        Plaintiff,                                  MEMORANDUM
                                                                   OPINION AND ORDER

   -against-                                                      CV 10-4874 (MKB)(ETB)

COUNTY OF NASSAU, POLICE OFFICER TIMOTHY
SLEVIN, in his official and individual capacities, POLICE
OFFICER JAMES HEALEY, in his official and individual
capacities, POLICE OFFICER MARTIN HELMKE, in his
official and individual capacities, POLICE OFFICER
NICOLE LODUCA, in her official and individual
capacities, POLICE OFFICERS JOHN AND JANE DOES
1-10, in their official and individual capacities, ZURICH
ASSOCIATES, LTD., ANNA GAETANO, in her official
and individual capacities, and HARRY G. TEREZAKIS, in
his official and individual capacities,

                        Defendants.
------------------------------------------------------------------------X

        Before the Court is a motion for reconsideration by the County of Nassau and the individual police officers named as defendants herein (the "County Defendants") of the Court's Order dated March 26, 2013, in which, inter alia, the Court imposed discovery sanctions against Deputy County Attorney Andrew Scott ("Scott") for the County Defendants' failure to comply with the Order of the Court dated October 18, 2012.  The County Defendants seek to have that portion of the Order that awards sanctions vacated.[1]  Plaintiff opposes the motion.  For the following reasons, the County Defendants' motion for reconsideration and vacatur is granted in

---

[1] The County Defendants label their motion as one for reconsideration but then go on to describe it in their motion papers as a motion to vacate a judgment, pursuant to Federal Rule of Civil Procedure 60.  The Court finds the motion to be more properly one for reconsideration, but, for the sake of completion, will address the within motion under each legal standard.

part and denied in part.

FACTS

Familiarity with the facts of the underlying action is presumed. In sum, this is a civil rights action filed by the plaintiff, Michael Smith, arising out of his arrest for criminal trespass while residing at a residence with his fiancée, pursuant to what he believed was a valid lease but in actuality turned out to be a scam in which he was the victim. Named as defendants are the County of Nassau and named police officers - Timothy Slevin, James Healey, Martin Helmke, and Nicole Loduca - who were allegedly involved in this incident, as well as real estate agents Anna Gaetano and Harry Terezakis, employed by defendant Zurich Associates, Ltd.

On October 18, 2012, the Court issued an Order in response to the County Defendants' failure to respond or comply with the discovery demands served by plaintiff dated November 10, 2011, which directed the County Defendants to "respond/comply with the plaintiff's outstanding document requests no later than November 16, 2012." (See Docket Entry #35.) Despite repeated requests by the plaintiff, the County Defendants failed to comply. As a result, on February 22, 2013, plaintiff moved for discovery sanctions pursuant to Federal Rule of Civil Procedure 37(b). On March 26, 2013, the Court, in relevant part, awarded sanctions in favor of plaintiff and against Deputy County Attorney Andrew Scott in the amount of $500.00 per day for the County Defendants' failure to comply with the October 18, 2012 Order.

In addition, the Court awarded plaintiff his costs incurred in making the February 22, 2013 motion for discovery sanctions, pursuant to Federal Rule of Civil Procedure 37(b)(1), and terminated discovery by the County Defendants. The latter costs were also assessed against Scott

and plaintiff was given ten business days to submit an application. Plaintiff has yet to make such an application, however, since by this motion, dated April 9, 2013, the County Defendants seek reconsideration of the Court's March 26, 2013 Order and, more specifically, for vacatur of that part of the Order that awards per diem sanctions against Scott.

DISCUSSION

I. Legal Standard for a Motion for Reconsideration

Motions for reconsideration in this district are governed by Local Civil Rule 6.3 and are committed to the sound discretion of the district court. See Ehrlich v. Inc. Village of Sea Cliff, No. CV 04-4025, 2007 WL 1593241, at *1 (E.D.N.Y. June 1, 2007) ("A motion for reconsideration is within the sound discretion of the district court."); Hunt v. Enzo Biochem, Inc., No. 06 Civ. 170, at *1 (S.D.N.Y. May 7, 2007) ("Motions for reconsideration are governed by Local Civil Rule 6.3 and are committed to the sound discretion of the district court."). "Reconsideration is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" Hunt, 2007 WL 1346652, at *1 (quoting In re Health Mgmt. Sys., Inc. Sec. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)). For this reason, Local Civil Rule 6.3 is "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the court." Dietrich v. Bauer, 76 F. Supp. 2d 312, 327 (S.D.N.Y. 1999); see also Ehrlich, 2007 WL 1593241, at *2 (stating that it is well settled in the Second Circuit that the standard for granting a motion for reconsideration is "strict"); Church of Scientology Int'l v. Time Warner, Inc., No. 92 Civ. 3024, 1997 WL 538912, at *2 (S.D.N.Y. Aug. 27, 1997) ("The standards for reargument are strictly applied in order to

preserve scarce judicial resources and avoid piecemeal litigation.").

"To prevail on a motion for [reconsideration], the movant 'must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion.'" Church of Scientology, 1997 WL 538912, at *2 (quoting Gill v. Gilder, No. 95 Civ. 7933, 1997 WL 419983, at *2 (S.D.N.Y. July 28, 1997)). "A motion for reconsideration is not a substitute for appeal . . . Nor is it 'a second bite at the apple for a party dissatisfied with a court's ruling.'" Hunt, 2007 WL 1346652, at *1 (quoting Pannonia Farms, Inc. v. USA Cable, No. 03 Civ. 7841, 2004 WL 1794504, at *2 (S.D.N.Y. Aug. 10, 2004)). Accordingly, a party may not merely offer the same arguments that were previously submitted to the court when seeking reconsideration. See Giordano v. Thomson, No. 03-CV-5672, 2006 WL 1882917, at *1 (E.D.N.Y. June 26, 2006) ("This Court cannot merely consider the same arguments that were previously submitted.") (citing Ruiz v. Comm'r of the D.O.T. of New York, 687 F. Supp. 888, 890 (S.D.N.Y. 1988), modified on other grounds, 934 F.2d 450 (2d Cir. 1991)). Moreover, a party is not permitted to "advance new facts, issues or arguments not previously presented to the Court" on a motion for reconsideration. Caribbean Trading & Fid. Corp. v. Nigerian Nat'l Petroleum Corp., 948 F.2d 111, 115 (2d Cir. 1991) (quotation omitted). "Indeed, a party requesting [reconsideration] 'is not supposed to treat the court's initial decision as the opening of a dialogue in which that party may then use Rule [6.3] to advance new facts and theories in response to the court's rulings.'" Church of Scientology, 1997 WL 538912, at *2 (quoting Woddard v. Hardenfelder, 845 F. Supp. 960, 966 (E.D.N.Y. 1994) (additional citation omitted); see also Hunt, 2007 WL 1346652, at *1 ("The restrictive application of Local Rule 6.3 helps to prevent the practice of a losing party examining a decision and then plugging the gaps of

-4-

a lost motion with additional matters.") (quotation omitted).

II.     <u>Legal Standard for a Motion to Vacate a Judgment</u>

Federal Rule of Civil Procedure 60(b)(6), the provision on which the County Defendants rely in making the within motion, provides that "the court may relieve a party . . . from a final judgment, order, or proceeding for . . . any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Like a motion for reconsideration, "[t]he decision whether to grant a party's Rule 60(b) motion is committed to the sound discretion of the district court." <u>Stevens v. Miller</u>, 676 F.3d 62, 67 (2d Cir. 2012) (internal quotations and citation omitted). "In no circumstances, though, may a party use a Rule 60(b) motion as a substitute for an appeal." <u>Id.</u>

Rather, "Rule 60(b) provides a mechanism for extraordinary judicial relief available only if the moving party demonstrates exceptional circumstances." <u>Motorola Credit Corp. v. Uzan</u>, 561 F.3d 123, 126 (2d cir. 2009) (quotations, alterations and citations omitted). For this reason, "[r]elief under Rule 60(b) is generally not favored." <u>Insurance Co. of N. Am. v. Public Serv. Mut. Ins. Co.</u>, 609 F.3d 122, 131 (2d Cir. 2010) (quotations and citation omitted). "An argument based on hindsight regarding how the movant would have preferred to have argued its case does not provide grounds for Rule 60(b) relief . . ., nor does the failure to interpose a defense that could have been presented earlier . . . ." <u>Paddington Ptrs. v. Bouchard</u>, 34 F.3d 1132, 1147 (2d Cir. 1994) (citations omitted).

The burden of demonstrating entitlement to relief under Rule 60(b) rests with the moving party. <u>See</u> <u>Williams v. New York City Dep't of Corr.</u>, 219 F.R.D. 78, 84 (S.D.N.Y. 2003). In order to meet this burden, the moving party must put forth "highly convincing" evidence, must

"show good cause for the failure to act sooner," and there must not be any "undue hardship . . . imposed on other parties." Kotlicky v. United States Fid. & Guar. Co., 817 F.2d 6, 9 (2d Cir. 1987).

Specifically, Rule 60(b)(6) is a "catch-all provision," which "allows courts to vacate judgments whenever necessary to accomplish justice . . . ." Aczel v. Labonia, 584 F.3d 52, 61 (2d Cir. 2009). While this provision of the Rule is considered a "'grand reservoir of equitable power to do justice in a particular case,' . . . that reservoir is not bottomless." Stevens, 676 F.3d at 67 (quoting Matarese v. LeFevre, 801 F.2d 98, 106 (2d Cir. 1986)). A party seeking relief under Rule 60(b)(6) must "demonstrate that extraordinary circumstances warrant relief." Stevens, 676 F.3d at 67 (internal quotations and citations omitted). The County Defendants have failed to make such a showing and, for this reason, the application pursuant to Federal Rule of Civil Procedure 60(b)(6) is denied.

III.   The County Defendants' Grounds for Reconsideration/Vacatur

   A.   The Court was "Misled" by Plaintiff During Oral Argument

The County Defendants argue that the Court should reconsider and vacate its award of sanctions because plaintiff misrepresented to the Court at the oral argument held with respect to plaintiff's February 22, 2013 motion for sanctions that he had not received a single document from the County Defendants during discovery. According to the County Defendants, they in fact provided plaintiff with approximately twenty-two pages of documents and photographs as part of their Rule 26(a)(1) initial disclosures. (Scott Decl. ¶¶ 3-4; Ciampoli Decl., Ex. B.) The County Defendants therefore assert that the Court did not have all of the

relevant information before it when it rendered its sanctions award.

The plaintiff disputes the County Defendants' assertions. According to the plaintiff, he did not receive any documents from the County Defendants until April 4, 2013 - after the Court issued the sanctions order. (Pl. Mem. of Law in Opp'n 5.)

While there is an issue of fact here concerning whether or not the County Defendants did indeed turn over twenty-two pages of discovery in connection with their initial disclosures, this factual dispute does not alter the basis for the Court's issuance of sanctions against Deputy County Attorney Scott. This case is not about turning over initial disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure. Plaintiff first advised the Court of the County Defendants' failure to comply with document demands and interrogatory requests by letter dated September 26, 2012, noting that although the County Defendants had been in possession of plaintiff's formal demands since November 2011, they had failed to remit any responses. (Letter from Gregory Calliste, Jr. dated Sept. 26, 2012 at 2.) In this submission, plaintiff's counsel repeated an allegation made in April 2012 that Deputy County Attorney Scott stated to him relative to discovery production that he has "no obligations" or "no burden to prosecute the case" and that "if Plaintiff fails to make sure that discovery gets completed, Plaintiff's case will just get dismissed." (Id.) (emphasis in original.) Counsel for plaintiff, Mr. Calliste, went on to state that "Mr. Scott simply challenges me to make motions to compel when I raise legitimate discovery concerns," concluding that "Mr. Scott has already made his position clear - that Plaintiff is the only Party with discovery obligations in this matter and that Defendants can 'just sit and do nothing at all,' then seek dismissal when discovery is not completed within the schedule set by the Court . . . . (Id.) (emphasis in original.) Scott has never disputed this claim. He failed to

even respond to plaintiff's September 26, 2012 letter and did not address these allegations in his opposition to the motion that gives rise to the sanctions awarded.

Thus, regardless of whether the County Defendants provided the disputed twenty-two pages of documents to plaintiff in connection with its initial disclosures, the Court's issuance of sanctions was based on Deputy County Attorney Scott's willful and continued failure to comply with the discovery obligations and the intervening Order of this Court, which arose from the failure to respond to interrogatory requests and document demands for a period of sixteen months. Accordingly, there is no need to resolve the factual dispute raised by the parties concerning whether the County Defendants produced the twenty-two pages of documents as part of their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1). Such sanctions were imposed due to Scott's willful failure to comply with the Orders of the Court, which Scott has readily admitted throughout these proceeding.

B.  The County Defendants Have Fully Complied with Their Discovery Obligations

The County Defendants further argue that the sanctions order should be vacated because they complied with all of their outstanding discovery obligations within six business days of the Order. That only compounds the egregiousness of Scott's actions. Clearly, the documents requested by plaintiff were relatively easy to gather and produce, given that it was completed within six business days. Thus, the County Defendants' compliance with the sanctions order does not absolve Scott of the failures in his duties as an attorney and does not entitle the County Defendants to vacatur of the Order.

That said, the County Defendants also argue that the March 26, 2013 Order "provided the Defendants with an opportunity to purge themselves of the sanction," based on the language in

the Order providing that the sanctions "shall apply in the event that the County Defendants continue to fail to fully comply with the October 18, 2012 Order of the Court." (Def. Reply Mem. of Law 1, 5; Order of Boyle, M.J. dated Mar. 26, 2013, 4.) According to the County Defendants, "the implementation of sanctions was made conditional upon Defendants' continued non-compliance." (Def. Reply Mem. of Law 5.)

On reconsideration, the Court is concerned with this choice of language and agrees that this language is more appropriate to a situation where a party is afforded a limited grace period to comply without incurring any sanctions. Given this ambiguity in the language and the professional manner in which this action has been subsequently handled since the issuance of the underlying Order, the County Defendants' request to vacate the $500.00 per diem assessment as a sanction is hereby granted.

CONCLUSION

For the foregoing reasons, the County Defendants' motion for reconsideration and for vacatur of the $500.00 per diem sanctions award issued as part of the Court's March 26, 2013 Order is granted. In all other respects, the motion is denied.

**SO ORDERED:**

Dated: Central Islip, New York
July 24, 2013

/s/ E. Thomas Boyle
E. THOMAS BOYLE
United States Magistrate Judge