UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
MICHAEL SMITH,

                Plaintiff,

      v.

COUNTY OF NASSAU, POLICE OFFICER
TIMOTHY SLEVIN, in his official and individual
capacities, POLICE OFFICER MARTIN
HELMKE, in his official and individual capacities,


                Defendants.
-----------------------------------------------------------------x

**MEMORANDUM & ORDER**
10-CV-4874 (MKB)

MARGO K. BRODIE, United States District Judge:

      Plaintiff Michael Smith brings the above-captioned action against Defendants County of Nassau and Police Officers Timothy Slevin and Martin Helmke, in their official and individual capacities for false arrest and abuse of process pursuant to 42 U.S.C. § 1983, and state law claims for gross negligence, forcible eviction, and assault and battery.[1]  Currently before the Court are the parties' additional and renewed pre-trial motions filed November 17, 2023, regarding three types of evidence the parties seek to introduce at trial: (1) supporting depositions

---

[1] Plaintiff also brings claims against Defendants Zurich Associates, Ltd. ("Zurich Associates") and Harry G. Terezakis.  To date, Zurich Associates has not appeared in this case.  Terezakis initially appeared but has since defaulted.  (*See* Clerk's Entry of Default, Docket Entry No. 100.)  As such, neither Defendant will participate in the trial scheduled for November 20, 2023.  The Court dismissed all other defendants and claims in its March 31, 2015 order on Defendants' motion for summary judgment.  (*See* Mem. & Order dated Mar. 31, 2015, Docket Entry No. 97.)

that Anna Gaetano and Harry Terezakis gave to police,[2] (Pls.' Proposed Exs. 6, 9, 10, 11, 14); (2) evidence of prior arrests or convictions that were the subject of Plaintiff's November 19, 2019 motion *in limine*,[3] (Pls.' Mot. in Limine, Docket Entry No. 139); and (3) the March 25, 2010 and June 18, 2010 decisions of Nassau County District Judge Andrew Engel in the criminal prosecution against Plaintiff giving rise to this action.

   **I.  Supporting depositions of Anna Gaetano and Harry Terezakis**

Plaintiff argues that supporting depositions of Anna Gaetano and Harry Terezakis are irrelevant to the question of probable cause and are therefore inadmissible. (*See* Pl.'s Pretrial Mem. ("Pl.'s Mem.") at 1–2, Docket Entry No. 158.)

Defendants argue that they do not seek to admit the supporting depositions for the truth of their contents, but rather to lay a foundation as to the effect of the statements on the officers who reviewed the statements in order to establish probable cause for Plaintiff's arrest. (Defs.' Trial Br. in Opp'n to Pl.'s Pretrial Mem. ("Defs.' Opp'n") at 2, Docket Entry No. 159.)

At least one of Gaetano's statements was made on October 23, 2009, after Plaintiff had been arrested. (Pl.'s Proposed Exs. 6, 9.) That statement is inadmissible because it was not

---

   [2] The supporting depositions include the following: (1) a statement made by Gaetano taken on October 23, 2009, seemingly after Plaintiff had been arrested, (*see* Pl.'s Proposed Exs. 6, 9 (stating that Michael Smith "was arrested for trespass")); (2) a statement made by Gaetano taken on October 23, 2009, seemingly before Plaintiff had been arrested, (*see* Pl.'s Proposed Exs. 10, 39); (3) a statement made by Defendant Terezakis on October 12, 2009 (*see* Pl.'s Proposed Exs. 11, 14 (complaining that a man named Michael Smith was living in his home and told Defendant Terezakis he was renting from a man known to him as Russell Gunter, and then stating "[t]his man is unknown to me and has no right to this house. I did not give anyone permission to move into this home or change the locks to the doors")).

   [3] The Court heard arguments from the parties regarding Plaintiff's motion at a pre-trial conference on February 14, 2020. (*See* Tr. of Feb. 14, 2020 Pre-trial Conf. at 22:10-24.) Defendants represented to Plaintiff and the Court that they did not intend to introduce evidence of Plaintiff's prior arrests or convictions and did not oppose Plaintiff's motion to exclude them. (*Id.*) The Court therefore granted Plaintiff's motion as unopposed. (*Id.*)

known to the officers at the time of the arrest, and therefore could not have been considered by the officers in determining whether they had probable cause to arrest Plaintiff. *See, e.g.*, *Dallas v. Goldberg*, 143 F. Supp. 2d 312, 317 (S.D.N.Y. 2001) ("Evidence of which the arresting officer had no knowledge at the time the challenged arrest occurred is clearly irrelevant to a determination of whether the officer had probable cause to make the arrest."). Gaetano's first statement and Terezakis' statement appear to have been made before Plaintiff's arrest. (Pl.'s Proposed Exs. 10, 11, 14, 39.)

Terezakis' pre-arrest statement is admissible solely to the extent it is offered to establish the effect of the statements on the officers' probable cause determinations. *United States v. Dupree*, 706 F.3d 131, 136 (2d Cir. 2013) ("[A] statement offered to show its effect on the listener is not hearsay."); *see also Baston-Kirk v. City of N.Y.*, 2009 WL 1505707, at *5 (E.D.N.Y. May 28, 2009) ("[H]ere, the eyewitness's statements regarding plaintiff are not being offered for the truth of the matter asserted, *i.e.*, that plaintiff in fact assaulted the victim, but rather to determine whether the information [the detective] had when he arrested plaintiff establishes probable cause." (citing *United States v. Puzzo*, 928 F.2d 1356, 1365 (2d Cir. 1991)).[4] The officers may testify about the statement but the written document is inadmissible. The parties should propose a limiting instruction to be given to the jury at the time the statements are admitted.

---

[4] To the extent Defendants seek to admit the statements for the purpose of "provid[ing] proof" of Plaintiff's knowledge that his lease was invalid and that the owner had not given him permission to be on the premises, (Defs.' Opp'n at 2), the motion is denied because the content of the statements for the truth of the statements is inadmissible hearsay.

## II. Evidence of Plaintiff's prior arrests

Plaintiff argues that evidence of his prior arrests and convictions is inadmissible under Federal Rule of Evidence 609 because more than ten years have elapsed since the date of the convictions and arrests. (Pl.'s Mem. at 2.) Plaintiff argues that because Defendants have never formally moved for reconsideration of the Court's decision granting Plaintiff's motion *in limine* to exclude this evidence, which was predicated on Defendants' representation over three years ago that they did not intend to introduce evidence of Plaintiff's prior arrests or convictions, Plaintiff would be unduly prejudiced by a change in course on the eve of trial.[5] (*Id.* at 2–3.)

Defendants argue that evidence of Plaintiff's prior arrests and convictions is relevant to the issue of damages. (Defs.' Opp'n at 1.) Defendants claim that prior counsel's representations are not prejudicial because they "contend that the application of well-settled law to a claim being presented to a jury should not be considered . . . prejudicial in a legal sense." (*Id.*) Defendants do not offer support for this proposition.

The Court declines to revisit its prior ruling on Plaintiff's motion *in limine* to exclude evidence of Plaintiff's prior arrests or convictions. In the nearly four years since the Court granted Plaintiff's motion, Defendants made no effort to revisit the Court's ruling until days before trial, on November 16, 2023. (Defs.' Opp'n at 1.) The Court finds that reconsidering Plaintiff's motion at this late stage, on the eve of trial and after Plaintiff has relied on the Court's ruling in preparing his case, would unduly prejudice Plaintiff. *See Greater N.Y. Mut. Ins. Co. v.*

---

[5] Plaintiff also argues that the Court should not revisit its decision to grant Plaintiff's motion to exclude evidence of prior arrests and convictions as unopposed, as it is an untimely request to amend a judgment under Federal Rule of Civil Procedure 59(e). (Pl.'s Mem. at 2–3.) However, Plaintiff offers no authority suggesting that a ruling on a motion *in limine* constitutes a "judgment" for purposes of amending a judgment under Rule 59(e). *See Banister v. Davis*, 590 U.S. ---, ---, 140 S. Ct. 1698, 1703 (2020) (noting that a Rule 59(e) motion is "tightly tied to the underlying judgment").

*Rodin Mgmt. Inc.*, No. 94-CV-5223, 1995 WL 395953, at *3 (E.D. Pa. June 28, 1995) (denying motion for new trial based in part on district court's decision to exclude witness testimony where party represented that witness "would not be called on trial," then "on the eve of trial . . . changed its position and decided it would attempt to call" the witness); *cf. Lee v. N. Metro. Found. for Healthcare, Inc.*, No. 21-2155, 2022 WL 17366627, at *4 (2d Cir. Dec. 2, 2022) (finding no error in district court's finding that a party "would be prejudiced if it were forced to respond to . . . new evidence on the eve of trial" where witness was not disclosed in Rule 26 disclosures).

### III. State Court Decisions in Plaintiff's criminal prosecution

Defendants argue that Judge Engel's decisions are not relevant to any jury determination because Judge Engel made no decision as to whether probable cause existed for the arrest, and merely determined the charging documents were facially insufficient. (Defs.' Opp'n at 3.) Defendants argue that any submission of the decisions to the jury would be unduly prejudicial and would confuse the jury. (*Id.*)

Plaintiff argues that Judge Engel's decisions are relevant to Plaintiff's damages claim to the extent it shows that he was "required to attend court proceedings [and] have the false charges against him go on for eight months." (Pl.'s Mem. at 3.)

A district court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, . . . or needlessly presenting cumulative evidence." *United States v. McPartland*, 81 F.4th 101, 114 (2d Cir. 2023) (quoting Fed. R. Evid. 403). "[D]istrict courts must take care to determine whether there exists any alternative evidence with the same or greater probative value, but with a lesser threat of unfairly prejudicing the defendant, as the proffered evidence." *NV Petrus SA v. LPG*

5

*Trading Corp.*, No. 14-CV-3138, 2017 WL 1905820, at *7 (E.D.N.Y. May 8, 2017) (quoting *United States v. Ozsusamlar*, 428 F. Supp. 2d 161, 170 (S.D.N.Y. 2006)); *see also United States v. Awadallah*, 436 F.3d 125, 132 (2d Cir. 2006) ("Probative value is . . . informed by the availability of alternative means to present similar evidence.  Specifically, the Supreme Court has advised that the 'Rule 403 probative value of an item of evidence . . . may be calculated by comparing evidentiary alternatives.'" (quoting *Old Chief v. United States*, 519 U.S. 172, 184 (1997))).  The Court finds that there are evidentiary alternatives that provide the same or greater probative value of Judge Engel's March 25, 2010 and June 18, 2010 decisions but have a lesser threat of prejudicing Defendants.  Alternatives include testimony from witnesses and other documents pertaining to Plaintiff's prosecution in state court demonstrating the date of arrest or prosecution, the charges, and the dates of dismissal.  (*See, e.g.*, Pl.'s Proposed Exs. 5, 8, 13.)

## IV. Conclusion

For the foregoing reasons the Court grants in part and denies in part the parties' motions.

Dated: November 18, 2023
       Brooklyn, New York

SO ORDERED:

S/MKB
MARGO K. BRODIE
United States District Judge

6